David M. O'Dens
Texas Bar I.D. 15198100
Michael P. Menton
Texas Bar I.D. 24046427
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR THE AMERICAN NATIONAL BANK OF TEXAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-35058-13 |
| | § | CHAPTER 13 |
| PAUL LAWRENCE PAGE, | § | |
| | § | Preliminary Hearing Set: |
| Debtor. | § | February 16, 2010 at 9:00 a.m. |

## MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY

### NOTICE

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TEXAS 75242 FOURTEEN (14) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

PURSUANT TO THE PROVISIONS OF 11 USC §1301(D) OF THE UNITED STATES BANKRUTPCY CODE, TWENTY (20) DAYS AFTER THE FILING OF A REQUEST UNDER 11 USC §1301(C)(2) FOR RELIEF FROM THE STAY PROVIDED BY 11 USC §1301(A), SUCH STAY IS TERMINATED WITH RESPECT TO THE

**PARTY IN INTEREST MAKING SUCH REQUEST, UNLESS THE CODEBTOR FILES AND SERVES UPON SUCH PARTY IN INTEREST A WRITTEN OBJECTION TO THE TAKING OF THE PROPOSED ACTION.**

**PURSUANT TO LOCAL RULES 4001(e), EVIDENCE PRESENTED AT PRELIMINARY HEARINGS ON MOTIONS FOR RELIEF FROM STAY SHALL BE BY AFFIDAVIT ONLY AND THAT YOU MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST FORTY-EIGHT HOURS IN ADVANCE OF SUCH HEARING UPON THE ABOVE-NAMED ATTORNEY AT THE ADDRESS LISTED HEREIN. FAILURE OF ANY ATTORNEY TO ATTEND A SCHEDULED AND NOTICED PRELIMINARY HEARING MAY BE GROUNDS FOR DEFAULT RELIEF REGARDLESS OF THE PRESENCE OR ABSENCE OF AFFIDAVITS.**

The American National Bank of Texas ("ANB"), a secured creditor in this case, for its Motion for Relief from Stay (the Motion") against Paul Lawrence Page ("Debtor"), Donna W. Page ("Co-Debtor") and Thomas Powers ("Trustee") respectfully represents as follows:

### Jurisdiction

1.  On August 3, 2009, Debtor filed his petition in this case. Thomas Powers is the Trustee in this case.

### Bankruptcy Filing

2.  This court has jurisdiction of this Motion by virtue of 11 U.S.C. §§103, 361, 362 & 1301, and 28 U.S.C. §§1334(b) & 157(b).

### Background Facts

3.  ANB is the owner and holder of a certain Adjustable Rate Note dated June 27, 2007, in the original amount of $417,000.00 ("Note No. 1"). A true and correct copy of Note No. 1 is attached hereto as Exhibit No. 1 and by reference made a part hereof.

4.  On June 27, 2007, Debtor and Co-Debtor executed and delivered to ANB a Deed of Trust ("Deed of Trust No. 1") placing a lien on real property located in Camp County, Texas as more particularly described therein (the "Real Property"). A true and

correct copy of the Deed of Trust is attached hereto as Exhibit No. 2 and by reference made a part hereof.

5. On September 29, 2006, North Central Plumbing and Utilities, Inc. ("North Central Plumbing"), executed and delivered to ANB a Promissory Note, in the original amount of $250,000.00 ("Note No. 2"). A true and correct copy of Note No. 2 is attached hereto as Exhibit No. 3 and by reference made a part hereof.

6. On September 29, 2006, Debtor executed a delivered to ANB a Commercial Guaranty ("Guaranty") whereby Debtor guaranteed the monies due under Note No. 2. A true and correct copy of the Guaranty is attached hereto as Exhibit No. 4 and by reference made a part hereof.

7. On October 10, 2007, Debtor and North Central Plumbing executed and delivered to ANB a Forbearance Agreement ("Forbearance Agreement"). A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit No. 5 and by reference made a part hereof.

8. On September 10, 2008, Debtor and North Central Plumbing executed and delivered to ANB an Amendment to Forbearance Agreement ("Amendment") whereby Debtor agreed to provide additional collateral to ANB by placing a second lien on the Real Property. A true and correct copy of the Amendment is attached hereto as Exhibit No. 6 and by reference made a part hereof.

9. On September 10, 2008, Debtor and Co-Debtor executed and delivered to ANB a Deed of Trust ("Deed of Trust No. 2") placing a second lien on the Real Property. A true

and correct copy of the Deed of Trust is attached hereto as Exhibit No. 7 and by reference made a part hereof.

10. The current aggregate amount due and owing on Note No. 1 against the Real Property as of January 20, 2010 (not including legal fees) is $427,804.63.

11. The current aggregate amount due and owing on Note No. 2 against the Real Property as of January 20, 2010 (not including legal fees) is $38,027.43.

12. The above amounts do not include taxes owed in connection with the Real Property.

13. According to Debtor's schedules, the value of the Real Property is $450,000.00. Therefore, Debtor lacks equity in the Real Property.

14. Debtor has defaulted under the terms of Note No. 1 and Note No. 2 (collectively, the "Notes") and Deed of Trust No. 1 and Deed of Trust No. 2 (collectively, the "Deeds of Trust"). Specifically, the Debtor has failed to make the post-petition payment under Note No. 1 due January 1, 2010.

**Grounds for Relief**

15. Pursuant to 362(d)(1) of the Bankruptcy Code, Debtor has not provided adequate protection to ANB. Consequently, relief from the automatic stay should be granted because ANB lacks adequate protection of its interest in the Real Property.

16. Alternatively, "cause" exists for relief from the automatic stay.

17. In the alternative, pursuant to 362(d)(2) of the Bankruptcy Code, relief from the automatic stay should be granted as to ANB because Debtor and Co-Debtor have no equity in the Real Property and the Real Property is not necessary to an effective reorganization.

18. ANB has been required to retain the undersigned counsel to represent it and file and pursue this Motion in this Court and ANB has incurred and is incurring legal expenses and attorneys' fees, and other costs and expenses, for which the Debtor and Co-Debtor are liable under the terms of said Note and Deed of Trust and pursuant to the provisions of applicable law.

## Requested Relief

ANB respectfully requests that, upon hearing of this Motion, ANB be granted the following relief:

(A) that the automatic stay and Co-Debtor stay be immediately terminated as to ANB, its successors and assigns, to permit foreclosure on the Real Property and to pursue any additional state law remedies to the exclusion of Debtor, Co-Debtor and other creditors;

(B) or, in the alternative, that any continuation of the automatic stay be conditioned upon Debtor furnishing ANB adequate protection, including but not limited to, payment of the Notes, attorneys' fees, costs and expenses;

(C) that ANB may immediately enforce and implement its rights as to the Real Property and that the Provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of such rights; and

(D) that the Court grant such other and further relief as is just and equitable.

Respectfully submitted,

*/s/ Michael P. Menton*
David M. O'Dens
Texas Bar I.D. 15198100
*odens@settlepou.com*

Michael P. Menton
Texas Bar I.D. 24046427
*mmenton@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR THE AMERICAN
NATIONAL BANK OF TEXAS

## Certificate of Conference

On January 21, 2010, the undersigned conferred with Debtor's counsel, Areya Holder. At that time, Debtor's counsel advised Debtor is opposed to this Motion.

The undersigned was unable to conduct a conference call with the Co-Debtor, Donna Page. It is assumed the Co-Debtor is opposed to this Motion.

*/s/ Michael P. Menton*
Michael P. Menton

## Certificate of Service

A true and correct copy of the foregoing document was served in accordance with the Federal Rules of Bankruptcy Procedure on January 27, 2010, on the persons/entities identified on the attached service list.

*/s/ Michael P. Menton*
Michael P. Menton

P:\crd\Foreclosure\Cases\ANB\07-2201-PAGE\BKY\mls.001.doc

David M. O'Dens
Texas Bar I.D. 15198100
Michael P. Menton
Texas Bar I.D. 24046427
S<small>ETTLE</small>P<small>OU</small>
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR THE AMERICAN NATIONAL BANK OF TEXAS

THE UNITED STATES BANKRUPTCY COURT
IN THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-35058-13 |
| PAUL LAWRENCE PAGE, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |

# SERVICE LIST
(Via U.S. Mail, First Class, Postage Prepaid, Facsimile or Electronically if a Registered ECF User)

| | | |
|---|---|---|
| Paul Lawrence Page<br>9420 Dartridge Drive<br>Dallas, Texas 75238 | Areya Holder, Esq.<br>Law Office of Areya Holder, P.C.<br>800 W. Airport Freeway, Suite 540<br>Irving, Texas 75062 | Thomas Powers<br>125 E. John Carpenter Freeway<br>Suite 1100<br>Irving, Texas 75062-2288 |
| U.S. Trustee<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75242-1496 | Richardson ISD<br>c/o Eboney Cobb, Esq.<br>Perdue, Brandon, Fielder, Collins<br>   & Mott, L.L.P.<br>P.O. Box 13430<br>Arlington, Texas 76094-0430 | Sherrel K. Knighton, Esq.<br>Linebarger Goggan Blair &<br>   Sampson, LLP<br>2323 Bryan Street, Suite 1600<br>Dallas, Texas 75201 |
| GE Money Bank<br>c/o Recovery Management Systems<br>   Corp.<br>25 SE 2nd Avenue, Suite 1120<br>Miami, Florida 33131-1605<br>Attn: Ramesh Singh | | |

P:\crd\Foreclosure\Cases\ANB\07-2201-PAGE\BKY\service list.doc